110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Max I. MIKELS, Defendant-Appellant.
 No. 96-10204.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 26, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges; KELLEHER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Max Mikels challenges the constitutionality of 18 U.S.C. § 842(h), a federal law criminalizing, among other things, the sale, barter, and disposition of stolen explosives, as an unconstitutional extension of Commerce Clause power. The facts are not in dispute and are known to the parties.
 
 
 4
 Mikels pled guilty to one count of violating 18 U.S.C. § 842(h) which, at that time provided:
 
 
 5
 It shall be unlawful for any person to receive, conceal, transport, ship, store, barter, sell, or dispose of any explosive materials knowing or having reasonable cause to believe that such explosive materials were stolen.[1]
 
 
 6
 Mikels bases his challenge to the statute on the reasoning of United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995). In Lopez, the Supreme Court laid out three broad categories of activities which are within Congressional power to regulate under the Commerce Clause. It held that Congress may validly exercise Commerce Clause authority to regulate the use of the channels of commerce, to regulate and protect the instrumentalities of interstate commerce, and to regulate those activities having a substantial relation to interstate commerce. Id. at 1629-30. The Supreme Court went on to strike down a statute prohibiting the possession of a gun in a safe-school zone because the regulated activity was entirely unrelated to commercial activity, the statute lacked a jurisdictional element requiring a link to interstate commerce, and because there were no Congressional findings indicating that the activity had a substantial affect on interstate commerce. Id. at 1631-32.
 
 
 7
 Mikels argues that § 842(h) suffers from the same infirmities as the stricken statute in Lopez. Specifically, he argues that the lack of a jurisdictional element and the inclusion of "non-commercial" activities such as to "conceal," "store," and "dispose of" stolen explosives, requires us to strike the statute down as unconstitutional. We are unpersuaded.
 
 
 8
 First, we note that Mikels has tacitly conceded that the statute does, at least in part, regulate commercial activities. He argues only that the inclusion of the so-called non-commercial activities so infect the statute as to render the entire provision unconstitutional. Mikels cites to no precedent suggesting that we must consider each activity regulated by a statutory provision in isolation in considering whether the provision is permissible under the Commerce Clause.
 
 
 9
 Furthermore, § 842(h) is but one part of an overall statutory scheme aimed at regulating all aspects of the "Importation, Manufacture and Storage of Explosive Materials," including licensing regulations, restrictions on the transfer of explosives, and regulations regarding the safe storage and transportation of explosives. See 18 U.S.C. §§ 841-848. This statutory scheme differs markedly from the statute which was stricken in Lopez and indicates that § 842(h) is permissible as an integral component of an overall statutory scheme aimed at the legitimate goal of regulating the national market in explosives. See Lopez at 1631.
 
 
 10
 Secondly, under Ninth Circuit interpretations of Lopez, it is clear that in seeking to regulate the interstate market in an item, Congress may include regulations aimed at controlling " 'intrastate incidents of transfer and possession.' " United States v. Rambo, 74 F.3d 948, 952 (9th Cir.), cert. denied, --- U.S., ----, 117 S.Ct. 72 (1996) (quoting United States v. Kirk, 70 F.3d 791, 797 (5th Cir.1995)). Accordingly, we have upheld statutes banning the possession of machine guns, Rambo, 74 F.3d at 952, and the possession of handguns by juveniles, United States v. Michael R., 90 F.3d 340, 343-45 (9th Cir.1996), as valid under Lopez. We likewise upheld the Eagle Protection Act, banning the possession and transfer of eagle parts, because a market in eagle parts could have a substantial affect on interstate commerce. United States v. Bramble, 103 F.3d 1475, 1480-83 (9th Cir.1996). These statutes likewise lacked a jurisdictional element requiring a showing that the prohibited items had moved in interstate commerce.
 
 
 11
 We conclude, therefore, that Mikel's challenge to § 842(h) must fail. Unlike the statute stricken by Lopez, § 842(h) is a permissible regulation of the market in stolen explosives, and the activities amounting to intrastate incidents of possession of the explosives are an essential part of the overall statutory scheme aimed at regulating this market. Therefore, the statute is a valid exercise of Congressional power under the Commerce Clause.
 
 
 12
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Congress subsequently amended § 842(h). As of June 1, 1996, the amended version of § 842(h) reads as follows:
 It shall be unlawful for any person to receive, possess, transport, ship, conceal, store, barter, sell, dispose of, or pledge or accept as security for a loan, any stolen explosive materials which are moving as, which are part of, which constitute, or which have been shipped or transported in, interstate or foreign commerce, either before or after such materials were stolen, knowing or having reasonable cause to believe that the explosive materials were stolen. 18 U.S.C. § 842(h).